Form 149

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Sharon Emerick**
  Debtor(s)

Bankruptcy Case No.: 15–70226–JAD
Issued Per Nov. 10, 2016 Proceeding
Chapter: 13
Docket No.: 33 – 30, 31
Concil. Conf.: at

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated September 30, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

- ☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

- ☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

- ☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

- ☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

- ☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

- ☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

- ☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

- ☑ H. Additional Terms: The secured claim of Nationstar Mortgage at Claim No. 1 shall govern as to pre−petition arrears, and the monthly post−petition payments shall be based on allowed payment changes of record.
The fees to debtor's counsel shall continue to be payable to Keystone Legal Solutions, LLC.
An amended plan shall be filed by the debtor to implement the future Nationstar Mortgage payment changes, unless the creditor files notices as to changes and the debtor is able to file declarations as to adequacy of plan funding.

*(2.)   IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.**   **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**   **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**   **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**   **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**   **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: November 18, 2016

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:   All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                         Case No. 15-70226-JAD
Sharon Emerick                                                 Chapter 13
        Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-7           User: jhel              Page 1 of 2            Date Rcvd: Nov 18, 2016
                               Form ID: 149            Total Noticed: 21
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 20, 2016.
db            +Sharon Emerick,    460 Hyndman Road,    Hyndman, PA 15545-7445
14021093      +1st Peoples Community,    153 Baltimore Street,    Cumberland, MD 21502-2358
14089856       American InfoSource LP as agent for,    DIRECTV, LLC,   PO Box 51178,
                Los Angeles, CA 90051-5478
14021094      +Bank of America,    Attn: Correspondence Unit/CA6-919-02-41,   Po Box 5170,
                Simi Valley, CA 93062-5170
14021096      +Capital One,   Po Box 30253,    Salt Lake City, UT 84130-0253
14021095      +Capital One,   Attn: Bankruptcy,    Po Box 30285,   Salt Lake City, UT 84130-0285
14093273       Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
14021099      +Citibank/The Home Depot,    Citicorp Credit Srvs/Centralized Bankrup,    Po Box 790040,
                Saint Louis, MO 63179-0040
14021100      +Collection Svc Center,    Attn:Collections,    Po Box 1613,   Cumberland, MD 21501-1613
14021102     ++FOCUS RECEIVABLES MANAGEMENT LLC,    1130 NORTHCHASE PARKWAY STE 150,    MARIETTA GA 30067-6429
               (address filed with court: Focus Receivables Mana,    1130 Northchase Parkway Suite 150,
                Marietta, GA 30067)
14021103      +Hsbc Bank,   95 Washington Street,    Buffalo, NY 14203-3006
14021104      +Hsbc/rs,    Attn: Bankruptcy Department,    Po Box 5263,   Carol Stream, IL 60197-5263
14021106     #+Lavale Collection Agen,    101 Woolworth Ave,    Lavale, MD 21502-7153
14021108     ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
               (address filed with court: Nationstar Mortgage LLC,    Attn: Bankruptcy,   350 Highland Dr,
                Lewisville, TX 75067)
14021109      +Nationstar Mortgage,    PO Box 650783,    Dallas, TX 75265-0783
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14021097       +E-mail/Text: COLLECTIONS@CHESSIEFCU.ORG Nov 19 2016 01:53:30      Chessie FCU,
                141 Baltimore Street,    Cumberland, MD 21502-2359
14021098       +E-mail/Text: COLLECTIONS@CHESSIEFCU.ORG Nov 19 2016 01:53:30      Chessie Fcu,   15 Commerce Dr,
                Cumberland, MD 21502-1058
14021101       +E-mail/Text: ccusa@ccuhome.com Nov 19 2016 01:50:58      Credit Coll USA,
                Ccusa/Attn:Bankruptcy,    16 Distributor Dr Ste 1,   Morgantown, WV 26501-7209
14021105        E-mail/Text: JCAP_BNC_Notices@jcap.com Nov 19 2016 01:52:38      Jefferson Capital Systems,
                16 Mcleland Rd,   Saint Cloud, MN 56303
14021107       +E-mail/Text: bankruptcydpt@mcmcg.com Nov 19 2016 01:52:05      Midland Funding,
                8875 Aero Dr Ste 200,    San Diego, CA 92123-2255
14021110       +E-mail/Text: bankruptcy@firstenergycorp.com Nov 19 2016 01:52:16      West Penn Power,
                c/o First Energy,    Revenue Assurance,   1310 Fairmont Avenue,   Fairmont, WV 26554-3526
                                                                                              TOTAL: 6

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Nationstar Mortgage LLC
14030472*     ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
               (address filed with court: Nationstar Mortgage LLC,    P.O. Box 619096,   Dallas, TX 75261-9741)
                                                                                   TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 20, 2016                                   Signature:  /s/Joseph Speetjens

```
District/off: 0315-7          User: jhel              Page 2 of 2              Date Rcvd: Nov 18, 2016
                              Form ID: 149            Total Noticed: 21
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 18, 2016 at the address(es) listed below:

```
          Andrew F Gornall    on behalf of Creditor    Nationstar Mortgage LLC agornall@goldbecklaw.com,
           bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
          Fred W. Freitag, IV    on behalf of Debtor Sharon  Emerick Zekep@mcelrathlaw.com,
           sharlam@mcelrathlaw.com
          Joshua I. Goldman    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Paul W. McElrath, Jr.    on behalf of Debtor Sharon  Emerick ecf@mcelrathlaw.com,
           donotemail.ecfbackuponly@gmail.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 6
```